J-S32022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT JAMES STEVENS | : | |
| | : | |
| Appellant | : | No. 326 EDA 2024 |

Appeal from the PCRA Order Entered December 28, 2023
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-CR-0000245-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT JAMES STEVENS | : | |
| | : | |
| Appellant | : | No. 327 EDA 2024 |

Appeal from the PCRA Order Entered December 28, 2023
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-CR-0000246-2010

BEFORE: LAZARUS, P.J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.: **FILED FEBRUARY 27, 2025**

Appellant, Robert James Stevens, appeals from the order of the Court of Common Pleas of Monroe County entered on December 28, 2023, denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

Appellant was arrested and charged with multiple crimes stemming from two incidents for physical and sexual abuse against his girlfriend. On

November 2, 2010, following a jury trial, Appellant was found guilty of aggravated assault, kidnapping, rape, burglary, robbery, and related offenses. On June 15, 2011, the trial court sentenced Appellant to an aggregate 46 to 92 years' imprisonment.

Appellant timely appealed to our Court. We affirmed the judgment of sentence on March 7, 2013. *See Commonwealth v. Stevens*, No. 3077 EDA 2011, unpublished memorandum (Pa. Super. filed March 7, 2013). There is no indication that Appellant sought further review before our Supreme Court.

On July 24, 2013, Appellant filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition. On March 21, 2014, an evidentiary hearing was held. On June 9, 2014, the PCRA court denied Appellant's PCRA petition. On appeal, we affirmed the PCRA court order denying Appellant's first PCRA petition. *See Commonwealth v. Stevens*, No. 1842 EDA 2014, unpublished memorandum (Pa. Super. filed April 27, 2015).

Appellant then sought relief from the United States District Court for the Middle District of Pennsylvania through a habeas corpus petition, raising several claims for the District Court's review. Ultimately, and relevant to the instant matter, the District Court stayed Appellant's federal litigation to allow state courts the opportunity to review unexhausted claims.

On July 30, 2018, Appellant filed with the PCRA court a motion for an evidentiary hearing to pursue his unexhausted claims in a state court, attaching the District Court's memorandum decision but not the underlying habeas corpus petition. The PCRA court treated the motion as a PCRA petition.

Appellant's

> entire petition consists of a single sentence, stating, "And Now Comes [Appellant] with the Motion for Evidentiary Hearing on Unexhausted Claims, Pursuant to a Federal Court Decision by the Honorable Judge Brann (See Attached Order) which Granted [Appellant] Leave to do so." The attachment, thoroughly reviewed by the [PCRA] court, is a Memorandum Opinion, in which the Honorable Judge Brann summarizes [Appellant]'s federal habeas corpus claims and renders a decision upon them. Although Judge Brann's opinion lays out [Appellant]'s basic allegations seeking federal habeas corpus relief, it does nothing to support or prove such allegations as they pertain to Pennsylvania law.

PCRA Court Opinion, 8/30/19, at 9.

The PCRA court denied PCRA relief, noting that Appellant's reliance on the District Court's decision as the sole pleading was not sufficient to plead and prove the timeliness of his underlying petition. This appeal followed. Both the PCRA court and Appellant complied with R.A.P. 1925.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). If a petitioner asserts one of these exceptions, the petition must be filed within one year of the date that the exception could be asserted. 42 Pa.C.S.A. § 9545(b)(2).

"The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

Appellant's argument hinges on the wording of Section 9545(b)(3), which reads: "For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Appellant argues that the PCRA court erred in finding that his underlying PCRA petition was untimely.[1] Specifically, Appellant argues that his

_____

[1] It is undisputed that the underlying petition is facially untimely. Appellant's judgment of sentence became final at the expiration of the term to seek further review in our Supreme Court, *i.e.*, April 8, 2013. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a); *see also Commonwealth v. Hutchins*, 760 A.2d 50, 54 (Pa. Super. 2000) (reiterating that judgment of sentence becomes final upon conclusion of direct review or upon expiration of the time for seeking review and holding the appellant's judgment of sentence became final after
*(Footnote Continued Next Page)*

underlying petition is timely because it was filed within a year of the conclusion of his writ of habeas corpus action before a United States District Court.[2]  To this end, Appellant argues that the one-year period provided for under the PCRA statute was tolled while his writ for *habeas corpus* was pending before the federal district court.  In support of his argument, Appellant argues that under Section 9545(b)(3) a judgment becomes final at the conclusion of review in the Supreme Court of the United States, which means, in Appellant's

_____

the expiration of the thirty-day period in which the appellant was permitted to seek further review in our Supreme Court).  Appellant had one year from the date, *i.e.*, April 8, 2014, to file a timely PCRA petition.  The instant petition, which was filed on July 30, 2018, is, therefore, facially untimely.

[2] Notably, on appeal Appellant does not address under which exception the underlying petition falls to make it timely.  In fact, Appellant addresses timeliness under subsection 9545(b)(2) but not under 9545(b)(1).  Appellant made the same mistake below.  As noted above, Appellant failed to explain in his underlying petition "which exception or exceptions [Appellant] wishe[d] to argue."  PCRA Opinion, 8/30/19, at 10.  The omission is fatal to the claim raised in the underlying petition.  In fact, it is petitioner's burden to plead and prove the applicability of one of the exceptions, and failure to do so prevents us from entertaining a facially untimely petition.  **See**, **e.g.**, **Commonwealth v. Perrin**, 947 A.2d 1284, 1285 (Pa. Super. 2008) ("If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.").

We remind Appellant that timeliness is controlled by **both** 42 Pa.C.S.A. § 9545(b)(1) **and** § 9545(b)(2) and failure to meet **both** requirements results in an untimely petition.  **See**, **e.g.**, **Commonwealth v. Miller**, 102 A.3d 988, 993 n.4 (Pa. Super. 2014) ("In addition to pleading and proving one of the three enumerated exceptions to the time-bar, this Court has often explained that all of the PCRA time-bar exceptions are subject to a separate deadline. "A petition invoking one of these exceptions must be filed within [one year] of the date the claim could first have been presented.").

estimation, that the jurisdictional term provided by the PCRA is tolled while a petitioner is seeking federal collateral review. Appellant's Brief at 8.

We note at the outset that Appellant, unsurprisingly, provides no authority to support his argument, which alone is fatal to his claim. To the extent that Appellant claims that his authority is the statute itself, Appellant's reading of the relevant statute is untethered from the most basic rules of construction. In fact, the statute means exactly what it says, and it cannot be construed to mean what Appellant is suggesting. A judgment of sentence become final, for purpose of *collateral review*, once the *direct review* is over. Finality can be achieved through appeal or failure to file an appeal. Once the judgment is final, petitioners have one year to file a timely PCRA petition. The PCRA time limitations are jurisdictional. Upon expiration of the one-year term limitation, petitioners may overcome the time bar by pleading and proving one of the exceptions set forth in Section 9545(b)(1)(i)–(iii).

Finally, it is settled that the PCRA time limitations are not tolled during federal review. *See*, *e.g.*, *Commonwealth v. Fahy*, 737 A.2d 214, 222-23 (Pa. 1999).[3]

_____

[3] In *Fahy*, appellant argued that that because federal habeas corpus time requirements are tolled during state review, comity required that the PCRA's time limitations were tolled while appellant pursued his federal habeas corpus remedies. Our Supreme Court disagreed, concluding that the argument had no merit. First, it noted that the PCRA time limitations are jurisdictional, not subject to tolling, save to the extent the doctrine is embraced by Section 9545(b)(1)(i)–(iii). Next, it noted that the federal statute governing habeas
*(Footnote Continued Next Page)*

For the foregoing reasons, we affirm the order of the PCRA court dismissing Appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/27/2025

---

corpus relief does not include, for purposes of time computation, the period during which a properly filed application for state post-conviction or other collateral review with respect to the judgment is pending. The PCRA, on the other hand, contains no analogous provision regarding application for federal habeas corpus relief.